## HAYNESWORTH v. GOODWIN.

1. LIMITATION OF ESTATES—TRUSTS.—Testatrix devised her whole estate to T for the support and maintenance from the income thereof of her two daughters, H and C, which income should be expended for their joint benefit, and upon the trust that the said T should hold the said property under the will *as to the legal title* for the benefit of said two daughters exclusively. *Held,* that the trustee took an estate in fee for the exclusive benefit of the two daughters, whose estate was commensurate with that of the trustee, and upon the death intestate of these daughters, the share of each vested in her heirs at law.

2. FINDINGS OF FACT.—A finding in a master's report sustained by the testimony, but inadvertently reversed by the Circuit Judge, confirmed.

Before HUDSON, J., Richland, April, 1891.

This case turned upon the construction of the following will:

I, Mary Purvis, being of sound mind, but conscious that my end of life is just approaching, and being anxious before I die to make some provision for my two daughters, Haynes Purvis and Charlotte Purvis,—the first named being an adult and the second named an infant under the age of twenty-one years—do make and ordain this to be my last will and testament, revoking any other testamentary paper I may have heretofore made. And first, I commit my soul to God who gave it. And second, I desire all my just debts to be paid. And third, I give, devise, and bequeath to James D. Tradewell all my estate, real and personal whatsoever, principally consisting of my house and lot in the town of Columbia, where I now reside, bounded on the east by Gates street, on the west by lot belonging to John W. Bradley, on the north by a lot belonging to James Anderson, and on the south by a lot belonging to Mary Glover; together with all the rights, members, hereditaments, and the like thereunto appertaining, nevertheless for the following purposes and upon the following trusts: That is to say, for the purpose of the support and maintenance from the income thereof of my two daughters, Haynes Purvis and Charlotte Purvis; which income shall be expended for their joint benefit, and upon the trust that the said James D. Tradewell shall hold the said house and lot under this my will and testament, *as to the legal title*, for the benefit of my said two daughters exclusively, without the same being in any way subject to the debts or contracts of any man or men with whom they, my said daughters or either of them, may hereafter intermarry.

To carry this will into effect fully as I intend, I hereby empower the said James D. Tradewell, by and with the authority and direction of the Court of Equity, to sell and reinvest the proceeds, the said house and lot, in any way that may be ordered by the said court, so that the object of this my last will and testament may be properly fulfilled.

In witness whereof, I have hereto set my hand and seal, this 27th December, 1849.        MARY PURVIS, [L.S.]

[Three witnesses.]

Probated 30th January, 1854.

The master, John T. Seibels, Esq., to whom all the issues were referred, reported as follows:

I. On the      day of            , 1854, Mary Purvis, a free woman of color, died, leaving of force her last will and testament, whereof a copy is in evidence as exhibit A, and whereby she devised *inter alia* a house and lot in the city of Columbia unto James D. Tradewell, upon certain trusts therein limited, and leaving her surviving as her next of kin, two sons, the plaintiff, and the defendant, Alexander Goodwin, and two daughters, Haynes Purvis and Charlotte Purvis.

II. On the 18th day of August, 1873, the plaintiff and his two sisters above named and James D. Tradewell, the said trustee, entered into the agreement and lease of the northern portion of said premises (in evidence as exhibit B), and the plaintiff paid the ground rent mentioned therein until the death of Charlotte Purvis on the      day of            , 1889, intestate, unmarried, and childless.

III. Haynes Purvis had previously died intestate, leaving her surviving three children, viz., Norman Montgomery, Virginia Boseman, and May King, all of whom were made parties defendant hereto ; but since the commencement of this action the said May King died intestate, leaving her surviving her said brother and sister as her next of kin.

IV. About the year 1880 or 1881, the exact time does not appear and is immaterial, the said James D. Tradewell, trustee as aforesaid, died without ever having invoked the power of sale conferred by said will.

V. The improvements are as follows, on the lot described in the lease: a small building and one-half of a kitchen, both erect-

ed by plaintiff; and on the other portion of the premises the
other half of said kitchen and two other buildings.    The net rent
from the latter' in the hands of George W. Parker & Co., real
estate agents, on the 23rd day of September last, amounting to
$93.38.

   This is an action for the partition of the premises described in
said will, and the controversy is as to the proportions or shares to
which the parties are respectively entitled.    Their claims may be
briefly and substantially stated, as follows:

   On the part of the defendants, the two surviving children of
Haynes Purvis, it is contended that, under said will, whatever
legal estate the trustee had, the *cestuis que trust* held a corres-
ponding equitable estate.    That the testatrix devised to said
trustee the estate which, but for the statute as to free persons of
color, would have been devised directly to her said daughters,
viz., the fee.    That the trustee having died before any attempted
sale, upon the death of Haynes Purvis her undivided half inter-
est descended to her children hereinbefore named; and upon
the death of Charlotte, her undivided half interest descended to
her heirs at law, under the statute of distribution, said legal dis-
abilities no longer existing.

   For the plaintiff, it is contended that under a proper construc-
tion of the will, the reversion of the lot in question is undisposed
of, and upon the death of the testatrix vested in her heirs at law,
to wit, her four children hereinbefore named, and upon the fall-
ing in of the life estates, the lot became subject to partition ac-
cordingly.

   So that the fundamental question is the proper construction of
said will.    After careful consideration of the argument of coun-
sel, without stating the reasoning employed, it is sufficient to say,
that upon the authorities cited by plaintiff's counsel and others,
I am clearly of the opinion that his construction of the will is
correct.

   CONCLUSIONS OF LAW. I. That the plaintiff has an estate of
inheritance of one undivided third interest in the premises re-
ferred to in said will, being those described in the first paragraph
of the complaint.

II. That the defendant, Alexander Goodwin, has a similar estate of one undivided third interest therein.

III. That the defendants, Norman Montgomery and Virginia Boseman, have the other third undivided third interest therein, to be, divided equally between them—that is, each of them is entitled to one-sixth of the whole estate.

IV. That the four parties named are entitled to have the net rents now or hereafter collected divided among them in similar proportions.

V. That the said plaintiff or his assignee is entitled to remove the improvements so erected by him from the leased lot, upon the terms and conditions set forth in said lease (exhibit B), paying, of course, whatever ground rent may be due, which should be divided as the other rent is.

VI. As it is manifest and tacitly conceded that partition of said premises in kind is neither practicable nor expedient, the same should be sold and the net proceeds distributed according to the rights of the parties, as hereinbefore set forth.

The testimony taken by me is herewith filed, along with the exhibits thereto annexed, as exhibit X.

All of which is respectfully submitted.


Defendants, children of Haynes Purvis, excepted. The Circuit decree was as follows:

After argument on exceptions to the master's report, I interpret the will of Mary Purvis differently from the construction given to it by the master. He holds that the estate given to the daughters by the testatrix was only a beneficial interest in the property devised and bequeathed, to cease and determine at the respective deaths of the said daughters—that is, a life estate in each. Such is not my construction, but I think the fee was given to the trustee for the exclusive benefit of the two daughters, whose trust estate was therefore commensurate with that of the trustee; and that upon their deaths respectively the interest of the deceased would pass to her heirs at law, and it is so ordered, adjudged, and decreed. No other question was argued before me, and counsel therefore are at liberty to apply for all orders neces-

sary to carry this decree into effect; the exceptions to the master's report are sustained, and the report overruled.

Let the partition be made upon the basis of the decree by a sale by the master at such time and on such terms as may be ordered.

Plaintiff appealed, and also defendant Alexander Goodwin.

*Messrs. Andrew Crawford* and *A. J. Green*, for appellants.

*Messrs. Mordecai & Gadsden*, contra.

February 17, 1892. The opinion of the court was delivered by

Mr. Chief Justice McIver. This was an action for partition of a house and lot in Columbia, and the only question really contested which is presented by this appeal, is as to the proportions in which the several parties are entitled to share in the common property. That question depends entirely upon the construction of the will of Mary Purvis, the mother of the two appellants and the grandmother of the two respondents. The will is set out in full in the "Case," and that portion of it which is material reads as follows: "I give, devise, and bequeath to James D. Tradewell all my estate, real and personal whatsoever, * * * nevertheless for the following purposes and upon the following trusts: That is to say, for the purpose of the support and maintenance from the income thereof of my two daughters, Haynes Purvis and Charlotte Purvis, which income shall be expended for their joint benefit; and upon the trust that the said James D. Tradewell shall hold the said house and lot under this my will and testament, *as to the legal title*, for the benefit of my said two daughters exclusively, without the same being in any way subject to the debts or contracts of any man or men with whom they, my said daughters, or either of them, may hereafter intermarry. To carry this will into effect fully as I intend, I hereby empower the said James D. Tradewell, by and with the authority and direction of the Court of Equity, to sell and reinvest the proceeds, the said house and lot, in any way that may be ordered by the said court, so that the object of this my last will and testament may be properly fulfilled."

The Circuit Judge construed the will as conferring an estate in fee simple upon the trustee for the exclusive benefit of the two daughters, whose trust estate was commensurate with that of the trustee, and that upon the death of each of these two daughters her share descended to and vested in her heirs at law. The appeal questions the correctness of this construction, and, on the contrary, claims that under a proper construction of the will, the testatrix made no disposition of the property after the death of her two daughters, which event has occurred, and that thereupon the property became distributable amongst those who were the heirs of testatrix at the time of her death. There is also a third ground of appeal, as to a matter wholly unaffected by the construction of the will, which will be hereinafter more fully stated.

Our first inquiry, then, is whether the Circuit Judge erred in his construction of the will. When the testatrix devised and bequeathed to the trustee *"all my estate,* real and personal whatsoever,"* she thereby expressed her intention to dispose of her entire property and of all the interest or estate she had therein. *Canedy* v. *Jones,* 19 S. C., 297; *Blount* v. *Walker,* 31 *Id.,* 13. And the fact that there are no words of inheritance used in the devise to the trustee cannot affect the question, for since the act of 1824, now incorporated in the General Statutes as section 1861, such words are not only unnecessary to convey an estate in fee simple by devise, but the statute expressly declares that "every gift of land by devise shall be considered as a gift in fee simple, unless such a construction be inconsistent with the will of the testator expressed or implied," and as there is nothing in this will inconsistent with an intention to invest the trustee with the fee, it follows necessarily that the will should be construed as conveying the fee to the trustee. If the testatrix, in declaring the trusts upon which her property was given to the trustee, had stopped at the words, "for the support and maintenance, from the income thereof, of my two daughters, Haynes Purvis and Charlotte Purvis, which income shall be expended for their joint benefit," then there might have been room for the construction that the intention was to make provision only for a life interest in the two daughters. But the testatrix did not stop at the words just quoted, and, on the contrary,

added these words, "and upon the trust that the said James D. Tradewell shall hold the said house and lot under this my will and testament, *as to the legal title*, for the benefit of my said two daughters exclusively, without the same being in any way subject to the debts or contracts of any man or men with whom they, my said daughters, or either of them, may hereafter intermarry." This, in our judgment, was in effect the same as if the testatrix had said that the trustee should hold the legal title of the property conferred upon him by the will, which, as we have seen, was a title in fee for the benefit of the two daughters. We concur, therefore, with his honor, Judge Hudson, in the construction which he placed upon the will.

It appears, however, that during the life-time of the two daughters, they, with their trustee, Tradewell, entered into a written agreement with the plaintiff (a copy of which is set out in the "Case" as exhibit B), for the lease of the premises in question to the plaintiff, he paying a certain stipulated ground rent; and that such agreement contained a covenant that the plaintiff should be entitled, at the termination of the lease, to remove the improvements which he might place upon the leased premises. The master, to whom all the issues in the action were referred, found amongst other things, "That the said plaintiff, or his assignee, is entitled to remove the improvements so erected by him from the leased lot, upon the terms and conditions set forth in said lease (exhibit B), paying, of course, whatever ground rent may be due, which should be divided as the other rent is." To this finding of the master, as well as others, respondents excepted, and the Circuit Judge having sustained all of the exceptions to the master's report, the appellants, by their third ground of appeal, impute error to so much of the judgment below as sustains respondents' sixth exception to the master's report, finding, as above stated, that the plaintiff or his assignee is entitled to remove the improvements erected by him upon the leased premises. It is very obvious that this point was not brought to the attention of the Circuit Judge, or it was overlooked by him, as he says nothing about it in his decree; and, on the contrary, after considering and determining the question, as to the proper construction of the will, he says, "No other question was argued

before me"—probably for the reason that it was too plain for argument. For as the right to remove the improvements was clearly guaranteed to plaintiff by the express terms of exhibit B, and as we see nothing whatever in the "Case" tending to destroy or impair such right, there could be no question about it. It is clear, therefore, that this ground of appeal must be sustained, for the question was directly presented by the record, and therefore there was error in sustaining respondents' sixth exception to the master's report.

The judgment of this court is, that the judgment of the Circuit Court, in so far as it relates to the construction of the will, be affirmed; but in so far as it sustains respondents' sixth exception to the master's report, it be reversed.